IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP YORK, Plaintiff, v. EQUABLE ASCENT FINANCIAL, LLC, Defendant. | Case No.: 1:12-cv-08142 Judge St. Eve Magistrate Keys |

**DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS**

Defendant, EQUABLE ASCENT FINANCIAL, LLC, by its attorney, Todd P. Stelter, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests that this Court dismiss plaintiff's complaint, and states as follows:

**I.     Introduction**

Between October 10, 2012 and December 7, 2012, pro se litigant Philip York filed nine nearly identical cases in the Northern District of Illinois against various defendants. His complaint against defendant in this case is attached hereto as Exhibit A. The eight similar boilerplate complaints from the other cases are attached hereto as Group Exhibit B. This Court should dismiss plaintiff's complaint in this case (Ex. A) pursuant to Fed. R. Civ. Pro. 12(b)(6).

As recently and aptly noted in a New York district court case, "it seems an odd coincidence that plaintiff's ... rights are being violated by so many collection agencies and a law firm ... simultaneously." *Saunders v. NCO Financial Systems, Inc.*, 2012 WL 6644278, *7 (E.D.N.Y. 2012). However, odd coincidences aside, plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S.Ct. 1937 (2009) because it fails to allege sufficient facts to establish to a plausible degree that defendant violated either the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") or the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA.")

## II. Facts

Plaintiff's complaint (Ex. A) is a two count complaint. Count I alleges defendant committed an FCRA violation when it obtained plaintiff's "consumer credit report" without a permissible purpose as defined by 15 U.S.C. § 1681b. (Ex. A at Count I.) Count I only seeks relief for a willful FCRA violation pursuant to 15 U.S.C. § 1681n(b). (Ex. A at section entitled "RELIEF.") Count II alleges vaguely that defendant also committed an FDCPA violation. Overall, plaintiff's complaint consists almost entirely of legal conclusions and an attempted recitation of the elements of a cause of action without supporting factual allegations.

## III. Argument

### A. *Iqbal* Describes the Applicable Standard of Review for a Motion to Dismiss for Failure to State a Claim.

The applicable standard for stating a claim in federal court is described in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). To state a claim, plaintiff must provide more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* A complaint should be dismissed when it fails to plead enough factual matter to state a claim plausible on its face. *Id.*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S.Ct. at 1949 (citations omitted).

Plaintiff must do more than plead facts that are consistent with defendant's liability because that only shows the possibility, not the plausibility, of his entitlement to relief. *Powell v. Pentagon Federal Credit Union*, 2010 WL 3732195, *3 (N.D. Ill. 2010) *citing Iqbal*, 129 S.Ct. at 1949; *Foster v. DeLuca*, 2009 WL 3156555, *2 (N.D. Ill. 2009) *citing Iqbal*, 129 S.Ct. at 1949. Thus, a complaint will not suffice if it makes "naked assertions devoid of further factual enhancement." *Foster* at *2 (quotation and citation omitted).

B.  **Count I Should be Dismissed Pursuant to *Iqbal*.**

Count I should be dismissed because it does not provide more than "labels and conclusions" but rather is "a formulaic recitation of the elements" of an FCRA violation. Plaintiff alleges that defendant committed an FCRA violation when it obtained plaintiff's "consumer credit report" without a permissible purpose as defined by 15 U.S.C. § 1681b. (Ex. A at Count I.) Count I alleges that plaintiff never had an account or a relationship with defendant (Ex. A ¶¶ 17, 21) and that plaintiff never gave consent (Ex. A ¶¶ 18, 22) but otherwise alleges only legal conclusions. This Court should not accept the alleged legal conclusions as true and Count I should be dismissed because it fails to plead enough factual matter to state a claim plausible on its face or to allow this Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Count I alleges only the sheer possibility that defendant has acted unlawfully.

The mere fact that defendant accessed plaintiff's report without a relationship, account or consent is not sufficient to engage the liability provisions of the FCRA. *See* 15 U.S.C. §§ 1681a, 1681b; *see e.g. Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046 (7th Cir. 2005) (observing that § 1681b "does not require that consumers expressly approve each request for the report.") It is the *purpose* behind the inquiry that is determinative. *See Perez v. Portfolio*

3

*Recovery Associates, LLC*, 2012 WL 5373448, *2 (D. Puerto Rico 2012). For example, an entity may procure a person's credit report without permission if it:

1. "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" 15 U.S.C. § 1681b(a)(3)(A).

2. "intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation;" 15 U.S.C. § 1681b(a)(3)(E).

3. or if it "otherwise has a legitimate business need for the information." 15 U.S.C. § 1681b(a)(3)(F). *See also Perez*, 2012 WL 5373448 at *2.

Beyond stating that defendant obtained his credit report, the complaint offers no factual basis to infer what purpose—permissible or impermissible—defendant had in making those inquiries. *Perez*, 2012 WL 5373448 at *2. No part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the person, provided that the inquiry is done for permissible purposes. *Id*. For instance, if defendant here intended to use the information in connection with a valuation of, or an assessment of the credit risks associated with a debt portfolio (which contained an existing credit obligation of the plaintiff) which defendant was considering purchasing, it would not only *not* violate the FCRA but rather would fulfill the express reason why subsection 15 U.S.C. § 1681b(a)(3)(E) exists.

Additionally, the FCRA does not require "a predicate credit transaction with the consumer directly" by the entity obtaining the report. *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005). Review of a debt account by a third-party under 15 U.S.C. § 1681b(a)(3)(A) to determine whether to engage in a credit transaction in which the plaintiff was already participating (and for possible purchase of the account for collection purposes) still "involves" a credit transaction of the plaintiff. *Id*. Plaintiff here does not allege

4

that he never had any previous defaulted credit obligations or credit transactions which might have been subject to purchase by a third-party debt buyer. Group Exhibit B demonstrates that this would be a frivolous position for plaintiff to take. Therefore, plaintiff's fact allegations boil down to a statement that "he found entries by entities that he was unfamiliar with in the reports" (Ex. A ¶ 6) (without explaining what reports he is referring to and without explaining what the entries said) and also that plaintiff "has no idea or indication as to what possible alleged account [defendant] could claim to have of his ..." (Ex. A ¶ 21.) This may be so but plaintiff's confusion is not a basis for a claim nor does it suggest anything more than "possibility" under *Iqbal*. Therefore, Count I, being nothing more than a threadbare recital of the elements of a cause of action, should be dismissed. Count I pleads facts that are "merely consistent with" defendant's liability but "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Other courts have faced this type of complaint before, based on similar allegations, and have also found them lacking. *Perez*, 2012 WL 5373448 at *4; *see also e.g. Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440 (E.D. Va. 2009), *aff'd* 382 Fed. Appx. 256, 2010 WL 2294589 (dismissing FCRA claims that rested on the allegation that the plaintiff never gave his consent to several inquiries in the credit report).

  **C. Count I Should be Dismissed Pursuant to *Safeco*.**

Count I should also be dismissed because it fails to allege a violation for "willful noncompliance" under FCRA section 1681n because it fails to allege "objectively unreasonable" conduct required by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007). Count I only seeks relief for a willful FCRA violation pursuant to 15 U.S.C. § 1681n(b). (Ex. A at section entitled "RELIEF.") There is no claim for negligence pursuant to 15 U.S.C. § 1681o contained in plaintiff's complaint. Therefore, Count I must allege that defendant's conduct is not

130493053v1 0941366

only a violation of the FCRA under a reasonable reading of the statute's terms, but also must show that defendant ran a risk of violating the law substantially greater than the risk associated with a reading of the statute that was merely careless. *See Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 489 (7th Cir. 2012). In order to survive dismissal, plaintiff must allege with sufficient factual support to demonstrate that defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff. *Tauro v. Asset Acceptance*, 2012 WL 2359954, *5 (W.D. Penn. 2012.) An FCRA "willfulness" determination under *Safeco* can be decided as a matter of law. *Van Straaten*, 678 F.3d at 490-91. For the reasons discussed above, Count I has plead nothing remotely close to a willful violation. Again, other courts have faced this type of complaint before, based on similar allegations, and have also found them lacking. *See Tauro*, 2012 WL 2359954 at *5 (complaint dismissed because plaintiff averred no facts from which the court could infer that defendant knew, or should have known, that they did not intend to use the plaintiff's credit report for a permissible purpose under the FCRA, all of which plaintiff must do with provable facts in order to state a claim.)

    **D.**    **Count I Should be Dismissed Pursuant to *Ippolito* and *McCready*.**

Finally, Count I also should be dismissed because it fails to allege anything beyond a legal conclusion that defendant obtained a "consumer report" under the FCRA statutory definition. If an entity obtains a report from a credit bureau utilized for "business, commercial, or professional purposes" it does not implicate the FCRA. *See Ippolito v. WNS, Inc.*, 864 F.3d 440, 449-52 (7th Cir. 1988); *McCready v. eBay, Inc.*, 453 F.3d 882, 889 (7th Cir. 2006); and *Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011). Citing to *Ippolito* and *McCready*, the court in *Novak* held:

A report containing consumer information that is used not for "consumer purposes," but rather for "business, commercial, or professional purposes," is not a "consumer report" under the FCRA. *Novak*, 782 F. Supp. 2d at 622.

The court in *Novak* further noted that:

[T]he fact that the reports *may* be consumer reports because [the credit reporting agency] originally collected the information for consumer purposes … is simply an insufficient basis upon which to impose liability against [defendant]." *Novak*, 782 F. Supp. 2d at 622 *citing Ippolito*, 864 F.3d at 453.

The FCRA "does not apply to reports utilized for business, commercial or professional purposes." *See McCready*, 453 F.3d at 889 *citing Ippolito*, 864 F.3d at 452 *citing* 116 Cong. Rec. 36,572 (1970) (remarks of Representative Sullivan); *see also Novak*, 782 F. Supp. 2d at 622. Count I does not allege that defendant *did not* use his purported consumer report for "business, commercial, or professional purposes". Count I has no allegations concerning defendant's conduct or intent at all. The allegations in Count I therefore "do not support the conclusion that [defendant] "used" or "obtained" plaintiff's "consumer report". *Novak*, 782 F. Supp. 2d at 623. "Plaintiff's complaint thus fails to state a claim against [defendant] under § 1681b(f) …" *Id. See also Garnett v. Millenium Medical Management Resources, Inc.*, 2010 WL 5140055, *3 (N.D. Ill. 2010) (the failure to sufficiently allege that a communication constitutes a credit report requires dismissal).

E. **Count II Should Also Be Dismissed Pursuant to *Iqbal*.**

Count II purports to allege an FDCPA violation. It should also be dismissed pursuant to *Iqbal* because it does not provide more than "labels and conclusions" but rather is "a formulaic recitation of the elements" of an FDCPA violation. Count II in its entirety consists of two paragraphs, one citing FDCPA section 15 U.S.C. § 1692e and the second alleging that "Exhibit A" violates it. It contains no facts. No "Exhibit A" is attached to the complaint. Furthermore, it is apparent from Group Exhibit B that this is a boilerplate claim that may or may not have been

7

included in this case by error. Therefore, such broadly vague allegations, without more, do not give defendant fair notice of what the claim is and the grounds upon which it rests. *See Perez*, 2012 WL 5373448; *Hinton*, 654 F. Supp. 2d 440; *Tauro*, 2012 WL 2359954; *see also Fong v. Client Services, Inc.*, 2012 WL 2061624, *2 (N.D. Ill. 2012); (dismissing similar complaints).

Finally, as pointed out in *Fong*, WL 2061624 at *2, if plaintiff is alleging in Count II that defendant was attempting to collect a debt from him, (which would be a predicate requirement for stating an FDCPA claim), then this allegation would contradict his entire FCRA claim made in Count I. Attempting to collect a debt provides a permissible purpose under the FCRA. 15 U.S.C. § 1681b(3)(A). Therefore, plaintiff's entire complaint should be also dismissed as the two asserted counts fatally contradict each other.

WHEREFORE, defendant, EQUABLE ASCENT FINANCIAL LLC, respectfully requests that this Court dismiss plaintiff's complaint.

Respectfully submitted,

By: _____s/ Todd P. Stelter_____
One of Defendant's Attorneys

Todd Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

130493053v1 0941366

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP YORK, | |
| Plaintiff, | |
| v. | Case No.: 1:12-cv-08142 |
| EQUABLE ASCENT FINANCIAL, LLC, | Judge St. Eve |
| Defendant. | Magistrate Keys |

### CERTIFICATE OF SERVICE

    I hereby certify that on January 7, 2013, I electronically filed **DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Philip York**
Email: paytrevor1@yahoo.com


                                Respectfully submitted,


                                By:    s/Todd P. Stelter

Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

130493053v1 0941366