**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PHILIP YORK, | |
| Plaintiff, | |
| v. | Case No.: 1:12-cv-08142 |
| EQUABLE ASCENT FINANCIAL, LLC, | Judge St. Eve |
| Defendant. | Magistrate Keys |

**DEFENDANT'S REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS**

Defendant, EQUABLE ASCENT FINANCIAL, LLC, by its attorney, Todd P. Stelter, for its reply in support of its Rule 12(b)(6) motion to dismiss, states as follows:

Plaintiff's response brief, which states in the prefatory paragraph that it is brought on behalf of an unknown party "David E. Mack", fails to distinguish any of the arguments made in defendant's motion to dismiss. Instead, plaintiff argues in paragraphs 7-10 of his response brief that defendant has failed to sustain some sort of factual burden at this point in the litigation. Defendant has no such burden and plaintiff should not be allowed to amend, characterize or reshape his pleading through a response brief nor should this Court consider any facts or additional allegations contained in the response brief which are not plead in the complaint.

Furthermore, after defendant filed its motion in this case, an extremely similar motion was ruled upon in *Thomas v. Financial Recovery Services*, 2013 WL 387968 (C.D. Cal. 2013) on January 31, 2013. This Court should consider the *Thomas* ruling due its similarities to the issues in this case. In *Thomas*, a pro se litigant filed an FCRA complaint which alleged that defendant

obtained her consumer credit report for an impermissible purpose and without her authorization. *Thomas*, 2013 WL 387968 at *1. Defendant filed a motion for judgment on the pleadings and argued that the complaint was insufficient on its face. *Id*. Defendant (trying to do precisely what plaintiff argues, in paragraphs 7-10 of his response, that defendant here should have done) attached an affidavit to its motion explaining why plaintiff's credit report was obtained and why a permissible purpose existed. *Thomas* at *2. The court in *Thomas* refused to consider the affidavit. *Id*. However, the court still granted defendant's motion. *Thomas* at *6.

The court in *Thomas* held that bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient. *Thomas* at *4 (compiling cases). It stated that plaintiff "has made the conclusory allegation that Defendant did not have a permissible purpose to request her credit report." *Thomas* at *5. It also stated that, same as plaintiff in this case, that "[p]laintiff additional enumerates each of the permissible circumstances under which a person may request a consumer credit report and alleges that none of these circumstances existed at or about the time Defendant requested Plaintiff's credit report." *Id*. The court in *Thomas* stated, "[p]laintiff does no more than make legal conclusions, which is insufficient to survive…" *Id*. In conclusion, the court in *Thomas* held:

> Plaintiff has not alleged that Defendant requested her credit report in order to collect an underlying debt. *See Compl*. Because Plaintiff has not identified the underlying debt at issue nor admitted that Defendant requested her credit report in connection with that debt, it follows that she has also not alleged that she was not involved in the underlying transaction. Even as a *pro se*, the Court is no persuaded that the pleading standards are so liberal that Plaintiff may survive the present motion for judgment on the pleadings simply because she may be able to allege that the credit report was requested in connection with an underlying debt and then may also be able to allege that she was not involved in the underlying transaction. *Thomas* at *6.

Therefore, as argued in defendant's motion, plaintiff's Count I should be dismissed in this case pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) because it does not

provide more than "labels and conclusions" but rather is "a formulaic recitation of the elements" of an FCRA violation. This Court should not accept the alleged legal conclusions as true and Count I should be dismissed because it fails to plead enough factual matter to state a claim plausible on its face or to allow this Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Count I alleges only the sheer possibility that defendant has acted unlawfully. Count I pleads facts that are "merely consistent with" defendant's liability but "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Count I should also separately and independently be dismissed because it fails to allege a violation for "willful noncompliance" under FCRA section 1681n because it fails to allege "objectively unreasonable" conduct required by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007). Count I must allege that defendant's conduct is not only a violation of the FCRA under a reasonable reading of the statute's terms, but also must show that defendant ran a risk of violating the law substantially greater than the risk associated with a reading of the statute that was merely careless. *See Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 489 (7th Cir. 2012). Plaintiff makes no attempt to address the "willful noncompliance" component of his claim in either his complaint or response brief.

Finally, Count I also should be dismissed because it fails to allege anything beyond a legal conclusion that defendant obtained a "consumer report" under the FCRA statutory definition pursuant to cases, such as *Ippolito v. WNS, Inc.*, 864 F.3d 440, 449-52 (7th Cir. 1988); *McCready v. eBay, Inc.*, 453 F.3d 882, 889 (7th Cir. 2006); *Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011) and *Garnett v. Millenium Medical Management Resources, Inc.*, 2010 WL 5140055, *3 (N.D. Ill. 2010).

3

Plaintiff also claims in his response brief, at paragraph 6, that he intended to plead his Count II FDCPA claim and that the claim was not included in his complaint erroneously as it appears. Therefore, Count II should also be dismissed pursuant to *Iqbal* because it does not provide more than "labels and conclusions" but rather is "a formulaic recitation of the elements" of an FDCPA violation. Count II contains no facts and it does not give defendant fair notice of what the claim is and the grounds upon which it rests. Plaintiff makes no attempt to explain this claim in his response brief.

Thus, as pointed out in defendant's motion, if plaintiff is alleging in Count II that defendant was attempting to collect a debt from him, (which would be a predicate requirement for stating an FDCPA claim), then this allegation would contradict his entire FCRA claim made in Count I. Therefore, plaintiff's entire complaint should be also dismissed as the two asserted counts fatally contradict each other. *See Fong v. Client Services, Inc.*, 2012 WL 2061624, *2 (N.D. Ill. 2012).

WHEREFORE, defendant, EQUABLE ASCENT FINANCIAL LLC, respectfully requests that this Court dismiss plaintiff's complaint.

Respectfully submitted,

By: _____s/ Todd P. Stelter_____
One of Defendant's Attorneys

Todd Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

130529806v1 0941366

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP YORK, | |
| Plaintiff, | |
| v. | Case No.: 1:12-cv-08142 |
| EQUABLE ASCENT FINANCIAL, LLC, | Judge St. Eve |
| Defendant. | Magistrate Keys |

## CERTIFICATE OF SERVICE

    I hereby certify that on February 28, 2013, I electronically filed **REPLY IN SUPPORT OF DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Philip York**
Email: paytrevor1@yahoo.com


Respectfully submitted,


By:____s/Todd P. Stelter_____


Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

130529806v1 0941366