FILED
APR - 2 2013
4-2-13
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILIP YORK, )
)
Plaintiff, )
) Case No. 12-CV-08142
vs. )
) Judge Amy J. St. Eve
)
EQUABLE ASCENT FINANCIAL L.P )
)
Defendant. )
)
)

## AMENDED COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended*

### II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.

### III. Venue

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV. Parties

4. Plaintiff, Philip York, is an adult individual and citizen of the city of Chicago, State of Illinois.

5. Defendant, EQUABLE ASCENT FINANCIAL L.P, is a business entity that regularly conducts business in the State of Illinois, and is a company whose principal place of business is located at 1120 W Lake Cook Rd Ste B, Buffalo Grove, IL 60089-1970

## V. FACTUAL ALLEGATIONS

6. Plaintiff pulled his consumer credit reports from the three major credit Reporting agencies EXPERIAN, TRANS UNION and EQUIFAX where he found entries by entities that he was unfamiliar with in the reports.

7. Plaintiff determined that his consumer credit report had been obtained on various occasions by various entities he did not recognize and without his consent.

8. Plaintiff found after examination of his EXPERIAN, TRANS UNION and EQUIFAX consumer credit reports that Defendant capital EQUABLE ASCENT FINANCIAL L.P. had obtained Plaintiff's TRANS UNION consumer credit report on August 2nd 2010, August 19th 2010 and December 12TH 2011(See exhibit D).

9. Discovery of violation brought forth herein occurred in JULY of 2012 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p. and FDCPA, 15 U.S.C. 1692K(d)

10. EQUABLE ASCENT FINANCIAL shall also be known as Defendant foreword.

11. Called defendant once in July of 2012 to find out why plaintiff's credit was pulled but defendant could not find me in their system. Call 3 more times in August of 2012 defendant still couldn't find plaintiff after give personal information like social security number and address etc...

12. Sent defendant an intent to sue letter around September 27, 2012

13. Received a email response from a Nidhi Soni on October 9, 2012 which had a title of counsel and a email with EQUABLE ASCENT FINANCIAL L.P.info attached

14. Which said; We are in receipt of your correspondence from September 27, 2012. To properly investigate your claims can you please provide us with your social security number, and address or state of residence? See Exhibit B

15. So I sent my personal information so they could check their records.

16. Received a response back via email back around October 10, 2012 however they gave me a vague response to why defendant pulled plaintiffs consumer report, which defendant said it had permissible purpose per section 604 [1681b] of Fair Credit Reporting Act, also pointing out 3 sub paragraphs 604 (a)(3)(A), 604 (a)(3)(E) , 604 (a)(3)(f) i and ii . Which the sub paragraphs have different purposes that don't work together as one purpose  See Exhibit C

17. Also Nidhi Soni said that defendant during the relevant time period, EAF was presented with the opportunity to make a bid on a portfolio of charged-off accounts that was being sold by a major lender. In connection with that proposed transaction, EAF obtained information from the lender concerning certain debtors in the portfolio. EAF subsequently obtained consumer report information on those debtors from Trans Union LLC in order to evaluate the collectability of the accounts and to determine whether it would make a bid to purchase the portfolio, and the price that it would offer. EAF was supplied with identifying information of debtors by the seller, and at that time, EAF did a "soft pull" of your consumer report information from Trans Union. Ultimately, EAF was not the winning bidder for the portfolio of accounts.

18. The email went on to say with the information you provided and give these facts; I see no basis for your proposed FDCPA & FCRA claims.

19. The emails concluded with if you have additional information that you wish to provide me in order to evaluate your claim, please send it along. In the meantime, I ask that you reconsider whether it is appropriate to proceed with your lawsuit and consult with your attorney before taking any legal action against EAF. Please be aware that section 1681n(c) of the FCRA provides: "Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." See exhibit C

20. So looking at the information EQUUABLE ASCENT FINANCIAL LP (also known as EAF) provided, I saw things that didn't match what was on my consumer report(s). It looked like defendant bid on 3 different portfolios or they were trying to collect on 1 alleged account(s) in a portfolio they bought or defendant bid on 3 portfolios on 3 different dates because of the 16 month spread of inquires on one consumer report (TRANS UNION) see exhibit D.

21. Defendant never sent any proof they bid on an alleged account (portfolio) with plaintiff's information

22. Defendant never could tell me which alleged creditor portfolio they were bidding on.

23. Defendant never could show what type of account they were bidding on.

24. After reading the response I knew there were violation(s) of FCRA and FDCPA.

### Count I

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT EQUABLE ASCENT FINANCIAL**

**25. Paragraphs 1 through 24 are realleged as though fully set forth herein.**

21. Defendant, EQUABLE ASCENT FINANCIAL, is a limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA.

22 Does the Defendant use the Fair Credit Reporting Act as the statutes that govern permissible purpose

23. **§ 603. Definitions; rules of construction** [15 U.S.C. § 1681a]
(a) Definitions and rules of construction set forth in this section are applicable for the purposes of this title.

24 Defendant believes that the Fair Credit Reporting Act defines any words, terms or phrases in 15 U.S.C. § 1681a also known as section 603

25. **§ 601. Short title**
This title may be cited as the "Fair Credit Reporting Act".

26. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

27. Experian, Trans Union and Equifax are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

28. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

28. Defendant believes the plaintiff already initiated a credit transaction with alleged original creditor

29. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

30. Such permissible purposes as defined by **604. Permissible purposes of consumer reports** [15 U.S.C. § 1681b] starts with

(a) *In general.* Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

31. 1681b Subsection (c) it starts specifically
(1) *In general.* A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) in connection with any "credit or insurance transaction that is not initiated by the consumer" only if

32. Definition of FCRA, 15 U.S.C. § 1681a (m) reads specifically

(m) The term **"credit or insurance transaction that is not initiated by the consumer"** does not include the use of a consumer report by a person with which the consumer has an account or insurance policy, for purposes of

(1) **reviewing the account** or insurance policy; or
(2) **collecting the account.**

33. Defendant believed it was handling an account of the alleged creditor

34. Defendant believes it had legal right to handle an account of the alleged creditor

35. The most common section, sub section(s) and sub paragraphs of FCRA{1681b} that creditors, alleged creditors, debt buyers, collection agencies, collection attorneys use to pull consumer reports on alleged consumer accounts would be 604 (a)(3)(A), 604 (a)(3)(E), 604 (a)(3)(f) i and ii

36. Information received from defendant leads me to guess about which sub section(s) and sub paragraphs they are claiming. Defendant claiming 604(a)(3)(a)

37. So plaintiff believes 604 (a)(3)(A) made the most sense based on the facts Defendant provided.

38. Plaintiff has never had any business transactions or any **accounts** with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant EQUABLE ASCENT FINANCIAL LP.

39. Defendant never sent any dunning letter stating they were representing the alleged creditor.

40. Defendant never made any calls to plaintiff to say they represented the alleged creditor.

41. Defendant never left any messages on a phone or voice mail plaintiff held or owned, saying that they were representing the alleged creditor.

42. Defendant did not show that there was an alleged credit account(s) and what type of account(s)(ex auto loan or personal loan).

43. Defendant did not show proof they bid on an alleged portfolio that included plaintiff.

44. Defendant did not show an original (wet ink signature) contract/ assignment agreement on the alleged account they were collecting on.

45. Defendant has not explained why there is 3 credit pulls for 1 consumer over a 16 month period on one alleged portfolio they were bidding on.

46. Defendant did not show when bidding period ended on the alleged portfolio

47. Defendant did not show they didn't acquire the alleged portfolio

49. Defendant did not show who the major lender they were bidding with that held the specific alleged account of plaintiff.

50. At no time did Plaintiff give his consent for Defendant EQUABLE ASCENT FINANCIAL L.P. to acquire his consumer credit report from any credit reporting agency for a consumer initiated (credit) transaction or have an alleged (account) with defendant. (See "account" and "credit" definitions below)

51. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic Fund Transfer Act.

Here is the exact wording of section 903 (2), 103 (i) and (7) of this act

(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

(i) The term "open end credit plan" means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan which is an open end credit plan within the meaning of the preceding sentence is an open end credit plan even if credit information is verified from time to time.

(7) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone. Such term does not include--

52. FCRA in 15 U.S.C. §1681a(r)(5) states: The terms "**credit**" and "**creditor**" have the same meanings as in section 702 of the Equal Credit Opportunity Act.

Here is the exact wording of section 702 (d) and (e)

(d) The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.

e) The term "creditor" means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

53. Defendant did not show that it fits the definition applied to **credit or creditor**.

54. On August 7, 2010, August 19, 2010 and also December 12, 2011 EQUABLE ASCENT FINANCIAL L.P. obtained the TRANS UNION consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account EQUABLE ASCENT FINANCIAL L.P. could claim to have of plaintiff. Defendant is positive he had no alleged (account) with or (initiated a (credit) transaction) with EQUABLE ASCENT FINANCIAL L.P which would come under the definition(s) of account, credit and/or creditor in the FCRA in regard to permissible purpose in section 1681b{section 604} or 1681a {section 603}

55. The action of Defendant EQUABLE ASCENT FINANCIAL L.P obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b(f) and an egregious violation of Plaintiff's right to privacy.

## Count 2

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANT EQUABLE ASCENT FINANCIAL L.P

56. **Paragraphs 1-24 and 26-55 are realleged as though fully set forth herein.**

57. Defendant is a professional collection company and is well read in the statutes pertaining to permissible purpose and credit issues, has filed and been filed against over 1000 cases dealing with FCRA and FDCPA statutes in Illinois alone therefore they had to be negligent in this case.

58. The action of Defendant EQUABLE ASCENT FINANCIAL L.P obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b(f) and an egregious violation of Plaintiff's right to privacy.

## Count 3

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C. §1692 FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS EQUABLE ASCENT FINANCIAL L.P.

59. **Paragraphs 1-24 and 26-58 are realleged as though fully set forth herein.**

60. Exhibit A violates 15 U.S.C. §§1692e, 1692e (2)(A) and 1692e(10).

61. 15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.... because

There is no proof of portfolio or alleged account with plaintiff's name on it

 (2)  The false representation of –
 (A) the character, amount, or legal status of any debt.... [or]

Violation because the defendant says it pulled credit on one credit bureau 3 times for one consumer over a 16 month period for an alleged portfolio they bided on from one major lender

 (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

Violation because it seems highly unlikely that Defendant would be pulling credit 3 times on one credit bureau on one consumer to bid on one alleged portfolio therefore the only reason would be to collect an imaginary debt.

## RELIEF

Wherefore, Plaintiff demands judgment for damages against Defendant, EQUABLE ASCENT FINANCIAL L.P. for statutory damages. Statutory damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and1681o of the FCRA

## JURY DEMAND

Plaintiff, Philip York, demands trial by jury.

By *(signature)* Philip York
Plaintiff

Dated: April 2, 2013

Philip York
2456 e 72nd st
Chicago ,IL 60649
Ph (773)3195924
Pyork1969@gmail.com

# EXHIBIT A

On Oct 9, 2012, at 2:00 PM, Nidhi Soni <nsoni@eafllc.com> wrote:

Mr. York,

We are in receipt of your correspondence from September 27, 2012. To properly investigate your claims can you please provide us with your social security number, and address or state of residence?

Sincerely,

**Nidhi Soni**
Counsel

**Equable Ascent Financial, LLC**
1120 W Lake Cook Road, Suite B. Buffalo Grove, IL 60089
nsoni@eafllc.com


This message may contain information belonging to the sender that is confidential, legally privileged and/or proprietary. It is intended only for the use of the individual(s) named above and the legal privileges and confidentiality are not waived by virtue of this message being sent via electronic mail transmission. If the person actually receiving this e-mail or any other reader is not the named recipient (or the employee or agent responsible to deliver it to the named recipient), any use, dissemination, distribution or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail or by calling Equable Ascent Financial at 847.509.7800 and destroy the original message along with any and all attachments appended thereto.

This message may contain information belonging to the sender that is confidential, legally privileged and/or proprietary. It is intended only for the use of the individual(s) named above and the legal privileges and confidentiality are not waived by virtue of this message being sent via electronic mail transmission. If the person actually receiving this e-mail or any other reader is not the named recipient (or the employee or agent responsible to deliver it to the named recipient), any use, dissemination, distribution or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail or by calling Equable Ascent Financial at 847.509.7800 and destroy the original message along with any and all attachments appended thereto.

# EXHIBIT B

**From:** Pay [mailto:paytrevor1@yahoo.com]
**Sent:** Tuesday, October 09, 2012 5:29 PM
**To:** Nidhi Soni
**Subject:** Re: Notice of Pending Lawsuit

I have spoken to reps at your company 3 times and provided info on address and ss no. they could not find me. My state is ILLINOIS my last 4 of ss no. is 1117 my intention is to file law suit Thursday morning so please contact me at 773 319 5924 if you would like to settle. I will send you a copy of report with the inquires listed.

Sent from my iPad

# EXHIBIT C

**From:** Nidhi Soni <nsoni@eafllc.com>
**To:** Pay <paytrevor1@yahoo.com>
**Sent:** Wednesday, October 10, 2012 1:03 PM
**Subject:** RE: Notice of Pending Lawsuit

Mr. York,

I appreciate your prompt response. Contrary to the allegations in the draft complaint that you have circulated, Equable Ascent Financial ("EAF") had a "permissible purpose" under the Fair Credit Reporting Act to obtain your consumer report information. Note that EAF is a passive debt buyer, that usually purchases distressed pre & post charge off receivables from major financial institutions, regional banks and smaller retail credit providers in the United States.

During the relevant time period, EAF was presented with the opportunity to make a bid on a portfolio of charged-off accounts that was being sold by a major lender. In connection with that proposed transaction, EAF obtained information from the lender concerning certain debtors in the portfolio. EAF subsequently obtained consumer report information on those debtors from TransUnion LLC in order to evaluate the collectability of the accounts and to determine whether it would make a bid to purchase the portfolio, and the price that it would offer. EAF was supplied with identifying information of debtors by the seller, and at that time, EAF did a "soft pull" of your consumer report information from TransUnion. Ultimately, EAF was not the winning bidder for the portfolio of accounts.

Given these facts, EAF had a permissible purpose under several section of the FCRA, including section 1681b(a)(3)(A), section 1681b(a)(3)(E) and section 1681b(a)(3)(F). Specifically, Section 1681b sets forth permissible purposes by which a CRA may issue consumer reports, and states that a CRA may release information to a person who… "(E) intends to use the information, as **a potential investor** or servicer, or current insurer, **in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation**…"

With the information you provided and the given these facts, I see no basis for your proposed FDCPA & FCRA claims.

If you have additional information that you wish to provide me in order to evaluate your claim, please send it along. In the meantime, I ask that you reconsider whether it is appropriate to proceed with your lawsuit and consult with your attorney before taking any legal action against EAF. Please be aware that section 1681n(c) of the FCRA provides: "Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper."

Regards,

**Nidhi Soni**
Counsel

**Equable Ascent Financial, LLC**
1120 W Lake Cook Road, Suite B, Buffalo Grove, IL 60089
nsoni@eafllc.com

**Nco docket entry**

| 02/22/2013 | 9 | SUMMONS Returned Executed by Philip York as to NCO Financial Systems, Inc. 208 LaSalle is Registered Agent of defendant CT Corporation System on 2/12/2013, answer due 3/5/2013. (pcs, ) (Entered: 02/26/2013) |

Case: 1:12-cv-08142 Document #: 21 Filed: 04/02/13 Page 18 of 20 PageID #:115
Case: 1:12-cv-08823 Document #: 10 Filed: 02/20/13 Page 1 of 1 PageID #:21

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8823 | **DATE** | 2/20/2013 |
| **CASE TITLE** | York vs. NCO Financial | | |

**DOCKET ENTRY TEXT**

Status hearing held. Plaintiff fails to appear. Case is dismissed for want of prosecution.

Docketing to mail notices.

00:05

| | Courtroom Deputy Initials: | OR |
|---|---|---|

# EXHIBIT D

Consumer Credit Report for PHILIP C. YORK

File Number: 310552337
Page: 10 of 12
Date Issued: 06/14/2012

**EQUABLE ASCENT FINANCIAL**
1120 W LAKE COOK R
STE B
BUFFALO GROVE, IL 50089
(847) 418-2081
Requested On: 12/12/2011, 08/19/2010, 08/02/2010

**FMS INC**
4915 S UNION AVE
707600
TULSA, OK 74107
Phone number not available
Requested On: 12/07/2011

To dispute online go to: http://transunion.com/disputeonline